IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CARIN SHERMAN,

        Plaintiff,

    v.

CLACKAMAS COUNTY
SHERIFF'S OFFICE,

        Defendant.

No. 3:21-cv-01005-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

Plaintiff Carin Sherman asserts this employment discrimination action against her employer, Defendant Clackamas County Sheriff's Office ("CCSO" or "Defendant"). This matter now comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Claim for Relief. For the following reasons, Defendant's Motion to Dismiss is DENIED.

**SUPPLEMENTAL BACKGROUND**

This Court incorporates the factual and procedural background from its previous Findings and Recommendation.  Findings and Recommendation ("FR"), ECF 27, *adopted*, Order, ECF 34.  Any additional facts come from Plaintiff's First Amended Complaint, and the Court assumes they are true while deciding this motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

In Plaintiff's initial Complaint, she included a claim under 42 U.S.C. § 1983 stemming from an alleged violation of her rights under the Equal Protection Clause of the Fourteenth Amendment, Compl. ¶¶ 51-60, ECF 1.  Defendant moved to dismiss the Complaint for failure to state a claim for relief.  Def.'s Mot. Dismiss 8-17, ECF 8.  This Court granted Defendant's motion, concluding that "[t]he Complaint does not allege sufficient facts to support a Section 1983 claim . . . because Plaintiff has not plausibly alleged any CCSO practice, policy, or custom that was the moving force behind the alleged constitutional violations."  FR 15-19.  The Court also granted Plaintiff leave to amend.  FR 27.

Plaintiff filed an amended Complaint, which included additional allegations concerning her § 1983 claim.  First Amended Complaint ("FAC"), ECF 39.  Defendant then renewed its Motion to Dismiss, arguing that these new allegations still did not allege denial of Plaintiff's constitutional rights.  Def.'s Mot. Dismiss 3-6, ECF 40.  Plaintiff opposes that motion.  Pl.'s Resp. Opp. to Def.'s Mot. Dismiss, ECF 42.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests whether there are sufficient facts to support a cognizable legal theory.  *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).  To survive a Rule 12(b)(6) motion, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A Rule 12(b)(6) motion must show either (1) there is no cognizable legal theory to support the claim or (2) the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the plaintiff. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018).

## DISCUSSION

### I. Legal Standards

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Under the Supreme Court's holding in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipal entity may be held liable under § 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom."

*Monell*, 436 U.S. at 694.  To establish *Monell* liability, a plaintiff must allege that (1) she was deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the plaintiff's constitutional rights; and (4) the policy, custom, or practice was the "moving force" behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).

A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008).  A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law."  *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *L.A. Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990).  "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled . . . policy.'"  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Id.*

**II.   Application**

Defendant argues that Plaintiff's FAC fails "to identify any policy, custom or training, that when effected by County employees or agents, deprived her of constitutional rights."  Def.'s Mot. 4, ECF 40.  This Court disagrees.

Plaintiff alleges that she was denied equal protection of the law due to Defendant's policies. FAC ¶ 53. Specifically, the relevant final decision makers within CCSO created and enforced the following "internal policies":

> Ongoing deliberate indifference (or else active hostility) toward credible reports of sex discrimination, gendered violence, and misogyny within the department . . . ; maintaining and promoting a status quo wherein Defendant shielded, and failed to appropriately and promptly discipline its own employees accused of mistreating women; and retaliation and harassment against those who speak out against the aforementioned . . .

FAC ¶55. In support of these allegations, Plaintiff relies on the following: She makes specific allegations regarding Defendants' conduct towards her, which includes multiple alleged incidents over a sustained period of time. FAC ¶¶13-50. She makes general allegations concerning Defendant's conduct toward other female victims of domestic violence, including shielding abusers, failing to train employees, and failing to discipline employees for policy violations. FAC ¶56. And she references Defendant's conduct toward other specific female employees, which she supports with their allegations of gender-based discrimination in separate litigation. FAC ¶57.[1]

Plaintiff's allegations, which this Court must accept as true at this stage of the proceedings, are sufficient to plausibly allege a *Monell* violation. These allegations "consist of more than mere formulaic recitations of the existence of unlawful policies, conducts or habits." *Cook v. Cty. of Contra Costa*, No. 15-CV-05099-TEH, 2016 WL 913395, *4 (N.D. Cal. Mar. 10, 2016) (internal quotations omitted). Although Plaintiff's allegations are overly broad and at

---

[1] Defendant argues that the cases cited by Plaintiff in her Complaint "were closed without Judgements against" it, Def.'s Mot. 4, ECF 40, and asks this Court to take judicial notice of that fact. Def.'s Reply Mot. Dismiss 2, ECF 43. This Court declines to do so. The disposition of those cases has no bearing on a motion to dismiss for failure to state a claim, as Plaintiff is free to reallege the allegations from those cases in support of her *Monell* claims.

times unclear, they include enough specificity to plausibly demonstrate that final policymakers within CCSO promulgated various policies with deliberate indifference to her right to be free from gender-based discrimination under the Equal Protection Clause.[2] Plaintiff has alleged systemic gender-based discrimination by Defendant resulting from multiple discriminatory policies and practices, which she supports with at least some factual detail. For that reason, Plaintiff's claims are not predicted on isolated or sporadic incidents, as Defendant contends. While Defendant is correct that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train," *Connick v. Thompson*, 563 U.S. 51, 61 (2011), the deficient training is only one aspect of the intentional, systemic discrimination alleged by Plaintiff. Thus, Plaintiff's factual allegations plausibly support her *Monell* claim against Defendant.

## CONCLUSION

Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

DATED this 12th day of January, 2023.

_____
ANDREW HALLMAN
United States Magistrate Judge

---

[2] Plaintiff alleges that she was denied equal protection of the law "as a women and a domestic violence victim." FAC ¶ 53. Defendant's motion does not specifically address whether Plaintiff's status as a domestic violence victim is a protected class, and this Court does not reach that issue.